# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 19-444V
UNPUBLISHED

|  |  |
|---|---|
| SARA DORMAN,<br><br>              Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: July 6, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Kenneth W. Thayer, III, Brandon J. Broderick, Attorney at Law, LLC, Ewing, NJ, for petitioner.*

*Dhairya Divyakant Jani, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION AWARDING DAMAGES[1]

On March 25, 2019, Sara Dorman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration (SIRVA) resulting from the influenza (flu) vaccination she received on September 12, 2017. Petition at 1. Petitioner further alleges she received the vaccination in the United States, her condition persisted for more than six months, and that she has not received compensation in the form of award or settlement for her vaccine related injuries nor has she filed civil action for her injuries prior to filing her petition. Petition at 1, 6-7. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 7, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On July 2, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $97,500.00. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $97,500.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
SARA DORMAN,                              *
                                          *
            Petitioner,                   *
                                          *
v.                                        *      No. 19-444V (ECF)
                                          *      CHIEF SPECIAL MASTER
                                          *      BRIAN H. CORCORAN
SECRETARY OF HEALTH                       *
AND HUMAN SERVICES,                       *
                                          *
            Respondent.                   *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On March 25, 2019, Sara Dorman ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine on September 12, 2017.  Petition at 1.  On July 7, 2020, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on that same date, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 25; ECF No. 26.

**I.**     **Items of Compensation**

Respondent proffers that petitioner should be awarded $97,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.    **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respondent recommends that the compensation provided to petitioner should be made through a

lump sum payment as described below and requests that the Chief Special Master's decision and

the Court's judgment award the following[1]: a lump sum payment of $97,500.00, in the form of a

check payable to petitioner.

III.    **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Sara Dorman:                    **$97,500.00**

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

*/s/ DHAIRYA D. JANI*
DHAIRYA D. JANI
Trial Attorney
U.S. Department of Justice
Torts Branch, Civil Division
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 616-4356
Email:  Dhairya.Jani@usdoj.gov

Dated:  July 2, 2021