# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0444V
(not to be published)

| | |
|---|---|
| SARA DORMAN,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: March 24, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Paralegal Tasks at Attorney Rates |

*Kenneth W. Thayer, III*, Brandon J. Broderick, Attorney at Law, LLC, Ewing, NJ, for Petitioner.

*Dhairya Divyakant Jani*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 25, 2019, Sara Dorman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration resulting from the influenza vaccine she received on September 12, 2017. (Petition at 1). On July 6, 2021, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 39).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated December 30, 2021 (ECF No. 43), requesting a total award of $25,269.74 (representing $24,811.00 in fees and $458.74 in costs). In accordance with General Order No. 9, Petitioner also filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 43-2). Respondent reacted to the motion on January 6, 2022, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. (ECF No. 44). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

A. <u>Hourly Rates</u>

Petitioner requests compensation for attorney Kenneth W. Thayer at the rate of $430 per hour for all time billed between the years of 2018 – 2021. (ECF No. 43 at 1). This rate requires an adjustment.

Mr. Thayer has previously been awarded the following rates: $385 per hour for time billed in 2018 and 2019; $410 per hour in 2020; and $420 per hour for time billed in 2021. *See Falconico v. Sec'y of Health & Hum. Servs.,* No. 17-1510V, 2020 WL 1893547 (Fed. Cl. Spec. Mstr. Mar. 20, 2020); *Hicks v. Sec'y of Health & Hum. Servs.,* No. 19-621V, 2021 WL 1827321 (Fed. Cl. Spec. Mstr. Apr. 5, 2021); *Osborn v. Sec'y of Health & Hum. Servs.,* No. 20-555V, 2021 WL 6502154 (Fed. Cl. Spec. Mstr. Dec. 14, 2021). I agree with the reasoning from these prior cases, and therefore reduce Mr. Thayer's rates to those previously awarded. This results in a reduction of **$2,034.50**.[3]

B. <u>Paralegal Tasks at Attorney Rates</u>

Mr. Thayer's rate must also be reduced where applied to work billed for paralegal tasks. Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Hum. Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Hum. Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Mr. Thayer billed over four hours on tasks that are more properly characterized as paralegal tasks, including requesting medical records, and filing documents. Examples of these entries include (but are not limited to):

- May 7, 2018 (0.20 hrs) "Draft and Submit Med Recs Request – Louisville Ortho";

---

[3] This amount consists of ($430 - $385 = $45 x 39.3 hrs = $1,768.50) + ($430 - $410 = $20 x 7.9 hrs = $158) + ($430 - $420 = $10 x 10.8 hrs = $108) = $2,034.50.

- September 27, 2018 (0.20 hrs) "Draft and Submit 2nd Med Request – Norton Health";

- March 27, 2019 (0.30 hrs) "Organize and file additional docs w/ the Court";

- July 22, 2019 (0.20 hrs) "Upload and File 2nd Exhibit List & Exhibits"; and

- December 22, 2021 (0.20 hrs) "Fed Ex delivery of settlement check to client."

(ECF No. 43 at 2-4).

I shall reduce Mr. Thayer's rate for these tasks to $135 per hour, which is comparable to what a paralegal would receive. This reduces the awardable attorney fees by **$1,232.00**.[4]

## ATTORNEY COSTS

Petitioner requests $458.74 in overall costs. (ECF No. 43 at 6). This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. I have reviewed the requested costs and find them to be reasonable, and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$22,003.24** (representing $21,544.50 in fees and $458.74 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] This amount consists of ($385 - $135 = $250 x 4.7 hrs = $1,175) + ($420 - $135 = $285 x 0.2 hrs = $57) = $1,232.00.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.